## HAMILTON MUTUAL INSURANCE COMPANY *vs.* HARRISON PARKER.

After a decree of this court, under *Sts.* 1862, c. 181, and 1863, c. 249, ratifying an assess ment by a mutual insurance company upon its members who at the time of the making thereof were liable to assessment, one whose policy had terminated within two years prior to the making of the assessment cannot object, in an action brought by the company to recover the amount assessed upon him, that the absolute funds of the company had not been exhausted; that he was not concluded by the order of the court relative to the assessment; or that, if liable at all, it was for less than the amount assessed upon him

The legislature have power to, pass a statute authorizing this court, after a hearing in equity to ratify and confirm an assessment by a mutual insurance company upon its members who at the time of the making thereof were liable to assessment, and providing that the

decree of the court ratifying the same shall be conclusive upon all such members as to the necessity of the assessment, the authority of the company to make or collect the same, the amount thereof, and all formalities connected therewith; without providing for other notice to such members than a general one, and without making any special provision for a trial by jury.

CONTRACT brought by a mutual insurance company to recover the amount of an assessment laid by the company and ratified by a decree of this court, upon a policy of insurance held by the defendant. At the trial in the superior court, before *Vose, J.,* without a jury, judgment was ordered for the plaintiffs, upon facts which are stated in the opinion ; and the defendant alleged exceptions.

*T. L. Wakefield,* for the defendant. The *Sts.* of 1862, *c.* 181, and 1863, *c.* 249, are not conclusive upon the defendant of all grounds of defence, but only in the particulars therein named. Those statutes in terms apply only to persons liable to an assessment, and the question who is liable must be open on the trial. The purpose of the statutes was not to meet and try in that summary way each individual defence, but to settle the general legality of the assessment in the particulars specified. All individual grounds of defence, peculiar to the defendant in his case, and not included in the general correctness of the assessment, are still open. If the proceedings under these statutes are conclusive as to all grounds of defence, then the statutes are unconstitutional. Upon that construction, they deprive the defendant of the right of trial by jury.

*J. W. Perry,* ( *S. B. Ives, Jr.* with him,) for the plaintiffs.

CHAPMAN, J. After the plaintiffs had put in evidence the defendant's policy, the records of the directors' meeting at which the assessment was voted, and the proceedings upon which a decree of this court was made affirming the assessment, the defendant rested his objection to the action on five distinct propositions.

The first was, that the absolute funds had not been exhausted. But by *St.* 1862, *c.* 181, § 3, it is provided that the decree of this court shall be conclusive upon the company and all parties liable to assessment or call, as to the necessity of the assessment, the authority of the company to make or collect the same, the

amount thereof, and all formalities connected therewith. The amount of the assessment which was fixed by the decree included the consideration of all the funds of the company, and is conclusive on that point.

The second objection was, that the defendant was not concluded by the order of the court relative to the assessment. There seems to have been no special ruling on this point. It is true that the statute enumerates the particulars as to which the decree shall be conclusive, and the persons as to whom it shall be valid. The policy, as to which no objection is stated, was dated March 16, 1859, and terminated March 15, 1862. The directors' meeting was held December 10th 1863, which was within two years after the expiration of the policy, and thus the limitation as to assessments had not expired. Gen. Sts. *c.* 58, § 54. Thus it appeared that the defendant was one of the persons upon whom the decree was conclusive.

The third objection was, that if the defendant was liable to assessment it was only for one half the amount claimed. But this is one of the particulars as to which the decree was conclusive.

The fourth objection was, that there can be no capital stock in a mutual company. The materiality of this objection has not been pointed out, and we do not perceive its relevancy.

The fifth objection was, that the statutes of 1862, *c.* 181, and 1863, *c.* 249, are unconstitutional. The objection urged against them is, that they make no provision either for summoning in the persons to be assessed, or for a trial by jury.

Provision is made for a general notice to all parties interested to appear, by publication or otherwise. *St.* 1862, *c.* 181, § 2. Such a notice is provided for in many legal proceedings, and is quite common in probate courts, even when important rights are to be decided. Where there are many parties, as in cases like the present, it would be impracticable to give personal notice to all, and a general notice by publication is resorted to as being practically sufficient. The want of a provision for giving a more particular notice is not an objection to the constitution ality of a statute of this character.

The provision of the same section, that àll questions that may arise shall be heard and determined as in other equity cases, is a sufficient provision for a hearing by jury. *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 368. In all cases in equity, the court directs an issue to be framed for a trial by jury when it is deemed essential to the rights of either party that such a trial shall be had.

It is suggested in the argument of the cause that the plaintiffs violated the laws of the Commonwealth in issuing their policies; and that the defendant never became a member of the company, and therefore was not liable to assessment. But these objections were not made at the trial, and there is nothing stated in the bill of exceptions upon which they can arise.

*Exceptions overruled.*